```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                  FORT WORTH DIVISION
```

THOMAS EARL MCCLENDON,              §
                                    §
            Petitioner,             §
                                    §
v.                                  §   Civil Action No. 4:15-CV-258-Y
                                    §
LORIE DAVIS, Director,[1]           §
Texas Department of Criminal        §
Justice, Correctional               §
Institutions Division,              §
                                    §
            Respondent.             §

### **OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Thomas Earl McClendon, a state prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, at the time this petition was filed.[2] The petition names as respondent Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

### **I. FACTUAL AND PROCEDURAL HISTORY**

---

[1]Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

[2]Petitioner is no longer confined, having served the custody portion of his sentence.

In March 2013 Petitioner was indicted in Parker County, Texas, Case No. CR-13-0140, for theft. The indictment alleged that on or about April 11, 2012, Petitioner–

> did then and there unlawfully appropriate, by acquiring or otherwise exercising control over, property, to-wit: US currency of the value of $1500 or more but less than $20,000, from John Cobb, the owner thereof, without the effective consent of the owner, and with intent to deprive the owner of the property.

(Adm. R., State Writ 120, ECF No. 14-5.) The indictment was later amended to reflect that "John Cobb was then and there an elderly person." (*Id.*)

Petitioner asserts the following facts are necessary to consider his grounds for relief (all misspellings and/or grammatical errors are in the original):

> The Petitioner is the owner of Hobb's Roofing and Construction doing business as and permitted in the State of Oklahoma. Also he is registered in the State of Texas under the same title as a limited liability company. Petitioner is an insurance storm restoration contractor. Petitioner entered into a legally binding severable contract with John Cobb to scope, supplement, negotiate with his insurance company, and to repair storm damage gone unnoticed on their property for some 12 months or more. There was no time frame included in the contract because of the timeliness and unexpected criteria insurance companies and mortgage lien holders may require from property owners and contractors to start, comply, fund, and complete projects. Although Petitioner lived in the customers neighborhood he also had an agreement with the homeowner for his patients to do such work because the homeowner wanted a metal roof on his main structure (home) instead of the 3-tab composition roof that was damaged. His original claim was about $5600.
>
> His supplemental claim would bring the claim to over $20,000.00. Time, money, commissions were spent on the project. The customer understood there would be some time

2

before major portions of work would be done because Petitioner had informed him his office in McAllen, Texas would consume the better part of the year. And, was 11 hours away in distance.

The customer placed a $3500.00 deposit with Petitioner giving his effective consent and authorized the contract explaining he could be patient because he wanted the metal roof installed and supplement negotiated into the claim. Becoming impatient and not understanding contractor and insurance logistics and not adhering to the contract the Cobbs bypassed the language in such contract stating mandatory arbitration resolution procedures prior to instituting a civil suit. And instead sought the District Attorney to file criminal charges to resolve a civil dispute. The state filed charges to resolve a civil dispute. The state filed charges after reviewing his criminal record; assault of a peace officer 1988 and drugs charges in 1991. Evading arrest in 2008 with two misdemeanor DWIs. The law does not make civil differences criminal. Nor is it criminal for individuals with past criminal record to own businesses within the laws of justice.

The Cobbs and Petitioner were still within the boundaries of the contract and their insurance company also provided maximum times for such work to be performed. We were still within such time frame when the Cobbs made their complaint. Petitioner was arrested on the charge of theft. . . .

. . .

The Prosecutor knew of the existence of the contract and had knowledge prior to grand jury indictment.

. . .

To complicate matters the Petitioner, upon his making bond, hired attorney James "Jim Lane" to represent him. Petitioner explained that the Cobbs were wanting the metal roof installed, and supplements to all the other property damage and the job will be completed or Petitioner will appease the customer prior to trial or any hearings.

To further complicate things the Petitioner was again arrested on family violent charges. Bonded out and

3

again arrested and denied his liberty to bond out. All under the same County of Parker.

Petitioner's office was closed down, employees sought new jobs, jobs were left partially finished, outstanding invoices uncollected, venders unpaid, years of warranted jobs left unserviced and other contracts not performed.

. . .

(Pet'r's Supp. 3-6, 8, ECF No. 7.)

Notwithstanding Petitioner's version of the events, on April 10, 2014, pursuant to a plea agreement, he pleaded guilty in the 43rd Judicial District Court to theft as alleged in the indictment, in exchange for:

Waive elderly victim allegation; 21 months in the State Jail Division, TDCJ, with credit for days previously served as set forth on the Judgment; Dismiss Counts I and II of CR13-0587 pursuant to plea, plead guilty to Count III, as amended (criminal mischief, Class A); Close out violation of family violence bond conditions & unlawful restraint cases from 8/13/13 pursuant to plea.

(Adm. R., State Writ 125, ECF No. 14-5.) The trial court sentenced Petitioner accordingly. (*Id.* at 127.) Having waived the right to appeal, Petitioner did not seek direct review. (Pet. 3, ECF No. 1.) He did however file a pro-se state habeas-corpus application, raising one or more of the claims raised in this federal petition, which was denied by the Texas Court of Criminal Appeals without written order. (Adm. R., "Action Taken," ECF No. 14-1.)

## II. ISSUES

Petitioner raises the following grounds for habeas relief:

4

    (1)  *Schlup* claim of innocence,

    (2)  Violation of ex-post-facto law,

    (3)  Fundamentally defective indictment,

    (4)  Collateral Consequences, and

    (5)  Ineffective assistance of counsel.

(Pet. 6-7, 11, ECF No. 1.)

### III. RULE 5 STATEMENT

Respondent does not allege that the petition is time-barred or successive but does assert that grounds two, three, and four enumerated above are unexhausted and procedurally barred. (Resp't's Answer 7-11, ECF No. 26.)

Applicants seeking habeas-corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state on direct appeal or, as in this case, in state post-conviction proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). The exhaustion requirement is "not satisfied if the petitioner presents new legal theories or factual claims [for the first time] in his federal habeas petition." *Reed v. Stephens,* 739 F.3d 753, 780 (5th Cir.) (quoting *Anderson v.*

5

*Johnson,* 338 F.3d 382, 386 (5th Cir. 2003)), *cert. denied,* 135 S. Ct. 435 (2014).

In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Therefore, in order to satisfy the exhaustion requirement, Petitioner must have presented both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in his state habeas application. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

A review of Petitioner's state habeas application indeed reveals that he raises grounds two, three, and four for the first time in this federal petition. Thus, the claims are unexhausted for purposes of § 2254(b)(1)(A). Under the Texas abuse-of-the-writ doctrine, however, Petitioner cannot now return to state court for purposes of exhausting the claims. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a)-(c). The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or that he is actually innocent of the crime for which he was convicted, Petitioner's grounds two, three, and four are unexhausted and procedurally barred from this Court's review. *Williams v. Thaler,* 602 F.3d 291, 307 (5th Cir. 2010); *Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000).

Petitioner provides no excuse for his failure to raise his first and second grounds in state court. He acknowledges, however, raising his fourth ground for the first time in his federal petition. He asserts that, because he is not an attorney or familiar with "jurisprudence," his fourth ground was newly discovered through legal research. (Pet. 8, ECF No. 1.) Although under *Martinez/Trevino* Petitioner can use his status as a pro-se litigant in his initial state habeas proceeding to excuse the procedural default of a "substantial" ineffective-assistance-of-counsel claim, grounds two, three, and four do not raise an ineffective-assistance claim. *See Trevino v. Thaler,* — U.S. —, 133 S. Ct. 1911 (2012); *Martinez v. Ryan,* — U.S. —, 132 S. Ct. 1309 (2012).

And, contrary to Petitioner's assertion, the record contains nothing to suggest or establish his actual innocence on the underlying conviction. Under *McQuiggin,* a petitioner filing a first-time federal habeas petition can overcome a procedural default upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1932-33 (2013). Under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup,* 513

U.S. at 316. A petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Id.* at 326-27.

In this case, by entering his voluntary and knowing plea of guilty, *see infra,* Petitioner conceded under oath that he in fact committed and was guilty of the crime of which he stands convicted. A voluntary and knowing guilty plea is sufficient evidence, standing alone, to support a conviction. *Smith v. McCotter,* 786 F.2d 697, 702 (5th Cir. 1986). Moreover, even if *McQuiggin* applies in the context of a guilty plea, a point that is by no means clear, Petitioner does not invoke *McQuiggin* and, in any event, has not made a colorable showing that he is actually innocent in light of "new evidence." Instead, he merely argues that his case involves a civil dispute and is rightfully a contract matter not subject to criminal prosecution. As a matter of state law, however, civil disputes can become criminal in nature based on the peculiar facts of each case. *See Baker v. State,* 986 S.W.2d 271, 276 (Tex. Crim. App. 2014); *Thumann v. State,* 62 S.W.3d 248, 252 (Tex. App.-Houston [1st Dist.] 2001, no pet.); *Moncada v. State,* 960 S.W.2d 734, 740 (Tex. App.-El Paso, pet. ref'd); *Ellis v. State,* 877 S.W.2d 380,

8

383 (Tex. App.-Houston [1st Dist.] 1994, pet. ref'd); *Tapia v. State,* Nos. 13-01-606-CR & 13-01-607-CR, 2003 WL 1950098, at *2-3 (Tex. App.-Corpus Christi, no pet.). Further, Petitioner's case is distinguishable from the cases he cites. By contrast, in this case, Petitioner pleaded guilty to the offense as alleged in the indictment, thereby satisfying all elements of the offense. *Baxter v. Estelle,* 614 F.2d 1030, 1035 (1980).

In short, Petitioner fails to satisfy the cause-and-prejudice requirement and presents no evidence or argument of the kind of actual innocence that would excuse his procedural default. Thus, his grounds two, three, and four are unexhausted and procedurally barred from the Court's review.

## IV. DISCUSSION

### A. Legal Standard for Granting Habeas-Corpus Relief

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. Under the act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established Supreme Court precedent or that is based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter,* 562 U.S. 86, 100-01 (2011); 28 U.S.C. § 2254(d)(1)-(2). This standard is difficult to

meet but "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption applies to all findings, express and implied. *Valdez v. Cockrell,* 274 F.3d 941, 948 (5th Cir. 2001). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000).

Finally, when the Texas Court of Criminal Appeals denies relief in a state habeas-corpus application without written opinion, as in this case, it is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and infer fact findings consistent with the state court's disposition. *Townsend v.*

10

*Sain,* 372 U.S. 293, 314 (1963)[3]; *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir.2002); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001).

### B. Actual Innocence

Under his first ground, Petitioner claims he is actually innocent under *Schlup.* "Actual innocence" is not an independent ground for habeas-corpus relief. *Herrera v. Collins,* 506 U.S. 390, 400 (1993); *Foster v. Quarterman,* 466 F.3d 359, 367 (5th Cir. 2006); *Dowthitt v. Johnson,* 230 F.3d 733, 741-42 (5th Cir. 2000). The Supreme Court reaffirmed in *McQuiggin* that it has not resolved whether a prisoner may be entitled to habeas-corpus relief based on a freestanding claim of actual innocence. See 133 S. Ct at 1931. Until that time, such a claim it not cognizable on federal habeas review.

### C. Ineffective Assistance of Counsel

Petitioner's ineffective-assistance claim consists of the following arguments (all misspellings and/or grammatical errors are in the original):

> The totality of misinformation and promise of a 2 year sentence aggravated sentence in Wise County constituted a constructive denial of counsel at a critical stage of plea negotiation prompting an unintelligent plea of guilty.

(Pet. 11, ECF No. 1.)

---

[3]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

11

>     The totality of representation adhered together to cause a constructive denial of effective assistance of counsel, in violation of the 5th and 6th Amendment to the U.S. Constitution.
>
>     Such misrepresentation by withholding information, and false information given to the Petitioner and promise of an arranged plea bargain in another county diverted the Petitioners decision from going to trial to accept a plea of guilty for a charge the law does not make criminal.

(Pet'r's Supp. 15, ECF No. 7.)

To successfully state a claim of ineffective assistance of counsel, a petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984); *Hill v. Lockhart,* 474 U.S. 52, 57-58 (1985) (applying *Strickland* test in the plea context). To satisfy the prejudice requirement in the plea context, a petitioner "must show that there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 58.

The state courts entered no express findings of fact regarding Petitioner's ineffective-assistance claim, and the Texas Court of Criminal Appeals denied Petitioner's state habeas application without written order; thus, this Court may assume the Texas Court of Criminal Appeals applied the *Strickland* standard and determined that Petitioner failed to demonstrate one or both prongs of *Strickland.* As previously noted, as a matter of state law, civil

disputes can become criminal in nature based on the peculiar facts of the case. Therefore, to the extent Petitioner claims counsel was ineffective by advising him to plead guilty to conduct that was not criminal, the claim fails. The state courts' application of *Strickland* was reasonable based on the evidence.

Furthermore, if a challenged guilty plea is knowing, voluntary and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). A guilty plea is knowing, voluntary and intelligent if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). Thus, before a trial court may accept a guilty plea, the court must ensure that the defendant is competent and advised of the consequences of his plea and the various constitutional rights that he is waiving by entering such a plea. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). When reviewing a record, a court must give a signed, unambiguous plea agreement great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Additionally, although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979).

There is no reporter's record of Petitioner's plea proceeding and, apparently, no hearing was conducted in his state habeas

proceeding. Nevertheless, the documentary record reflects that Petitioner entered his guilty plea in open court and was advised by counsel and the trial court of his rights, waivers, and the full range of punishment for the offense. Petitioner executed the written plea admonishments in which he acknowledged that he understood the written plea admonishments; that he was aware of the consequences of his plea; that his plea was made freely, knowingly, and voluntarily; that he was completely satisfied with the representation provided by counsel; and that counsel provided fully effective and competent representation. And he judicially confessed to committing the offense as charged in the indictment. See *Blackledge v. Allison,* 431 U.S. 63, 74 (1977); *Kelley v. Alabama,* 636 F.2d 1082, 1084 (5th Cir. 1981). Nothing in the record suggests that Petitioner's guilty plea was in any way induced by misrepresentation on the part of his trial counsel. Petitioner's claims to the contrary--after the fact--are insufficient to rebut the presumption that he received effective assistance of counsel and the presumption of regularity of the state-court records. *See Webster v. Estelle,* 505 F.2d 926, 929–30 (5th Cir.1974) (holding state-court records "are entitled to a presumption of regularity"); *Babb v. Johnson,* 61 F.Supp.2d 604, 607 (S.D.Tex. 1999) (same).

Counsel's obligation is to inform a criminal defendant of the advantages and disadvantages of a plea agreement and the attendant statutory and constitutional rights that a guilty plea would

forego. *Libretti v. United States,* 516 U.S. 29, 50–51 (1995). Often a criminal defendant, even if he is unwilling or unable to admit his guilt, will agree to plead guilty to an offense, having been so informed by counsel, in order to avoid a potentially harsher sentence by a judge or jury. Such a decision on the part of a defendant does not render counsel's representation deficient or a plea involuntary. *See North Carolina v. Alford,* 400 U.S. 25, 37 (1970); *Brady,* 397 U.S. at 749-50. Here, the plea agreement negotiated by counsel not only resulted in Petitioner's conviction on a lesser-included offense in the underlying case, he obtained substantial benefits in the disposition of other pending criminal cases.

For the reasons discussed, the Court DENIES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and DENIES a certificate of appealability.

SIGNED November 3, 2016.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE